UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 09-033-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTOPHER SHIELDS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Christopher Shields is currently serving a term of imprisonment of 133 months based on his involvement in a conspiracy to distribute crack cocaine and heroin in the Northern Kentucky area. [Record No. 183] The matter is currently pending for consideration of Shields's request for relief pursuant to 18 U.S.C. § 3582(c)(2) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses.[1] [Record No. 278] As explained more fully below, based on false testimony

---

[1] Shields's request is contained in a letter dated November 5, 2014, which the Court has construed as a motion seeking relief under 18 U.S.C. § 3852(c)(2). [Record No. 278] Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

presented by Shields during the trial of a co-defendant, the Court increased his sentence to 133 months after considering all relevant statutory sentencing factors. To reduce this term would not be appropriate under the circumstances presented. As a result, Shields's motion will be denied.

On April 9, 2009, a federal grand jury returned a two-count Indictment against Darryl Ross, Lazelle Maxwell, Marc Peeples and Christopher Shields.[2] The first count asserted that the defendants engaged in a conspiracy beginning in May 2008, to distribute, and possess with intent to distribute, crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The second count involved the same time period and alleged that the same defendants engaged in a conspiracy to distribute, and possess with intent to distribute, a detectible amount of heroin in violations of the same sections of the United States Code. On June 11, 2011, a superseding Indictment was returned for the purpose of adding two forfeiture counts regarding currency seized on May 21, 2008 (Count 3), and proceeds obtained by co-defendants as a result of their criminal conduct (Count 4). [Record No. 65]

While Defendant Maxwell proceeded to trial, the remaining three defendants entered guilty pleas pursuant to written plea agreements. [Record Nos. 88, 89, 94, 95, 104, and 106] Shields was the last of the three defendants to enter a guilty plea. The Plea Agreement tendered to the Court on July 29, 2009, contains the following summary with regard to the charge contained in Count 1 of the Indictment:

> (a) Beginning in May 2008 and continuing through May 21, 2008, the Defendant conspired with other individuals to distribute cocaine base and heroin in the Eastern District of Kentucky.

---

[2] The matter was reassigned to the undersigned on May 6, 2009, based on the Notice of Related Prosecutions filed by the United States. [Record No. 18]

(b) Marc Peeples' role in the conspiracy was to sell heroin and crack cocaine at 906 Washington in Newport, Kentucky and other locations. Christopher Shields' role was to allow Peeples to sell heroin and crack cocaine in Shields' residence at 906 Washington, to store drugs in that residence, and to steer customers to Peeples.

(c) On May 21, 2008, Marc Peeples sold approximately .112 of a gram of herion to an informant at 906 Washington in Newport.

(d) Agents of the Northern Kentucky Drug Strike Force subsequently executed a search warrant on 906 Washington. Marc Peeples and Christopher Shields were in the residence at the time. Agents located 10 paper packets containing approximately .359 of a gram of heroin, and other items of drug paraphernalia.

(e) The parties agree that the defendant is responsible for an amount of controlled substances that was reasonably foreseeable to the Defendant to have been distributed in this area by the members of the conspiracy that is in excess of 50 grams of cocaine base but less than 150 grams of cocaine base.

[Record No. 106]

Shields was called as Maxwell's first witness during trial. [Record No. 147] Shields testified on September 22, 2009. Although Shields acknowledged that Peeples was conducting drug sales from his home in May 2008, he asserted that the sales occurred for only four days (May 18-21) before being arrested. [Record No. 169, pp. 3-6] However, Shields denied that Maxwell was involved in the illegal activities. [*Id.*, p. 6] Likewise, he denied that 50 or more grams of crack cocaine or 100 grams of heroin were sold from his home. According to Shields, the quantity of heroin sold was closer to one gram. [*Id.*, p. 8]

On cross-examination, Shields denied many of the statements that he had given to police previously regarding the type of drugs being sold from his residence [*Id.*, p. 9], the length of time that Peeples had been selling drugs from his residence [*Id.*, 10], his role in steering customers

to Peeples [*Id.*, p. 12], and the quantity of drugs reasonable foreseeable to him as outlined in his written Plea Agreement [*Id.*, p. 13].

Shields was sentenced to a term of incarceration of 133 months on November 9, 2009. Prior to this hearing, the Court notified the parties that it was considering adjustments to Shields' guideline range for incarceration based on the false testimony he provided during Defendant Maxwell's trial. [Record No. 158] Thereafter, counsel for the United States and Shields filed sentencing memoranda addressing this and other relevant sentencing issues. [Record Nos. 161 and 162] In addition to addressing Shields's perjured testimony, his attorney also stressed the non-binding nature of the United States Sentencing Guidelines. Additionally, the defendant's attorney requested that the matter of Shields's testimony be addressed more fully during his sentencing hearing. [Record No. 162, p. 4]

During the sentencing hearing, the Court determined that Shields had provided materially false and misleading testimony during the trial of his co-defendant. As a result, Shields did not receive credit for acceptance of responsibility and was assessed a two-point increase to his base offense level for obstruction of justice under the United States Sentencing Guidelines. [Record No. 197, pp. 20-22] Based on these adjustments, Shields' guideline range for imprisonment was increased to 120 to 121 months. [*Id.*, p. 23][3]

However, at the conclusion of the sentencing hearing, the Court determined that a sentence within the revised guideline range was insufficient to meet the statutory goals of

---

[3] Shields was subject to a mandatory term of imprisonment of 120 months because the United States did not file a motion under 18 U.S.C. § 3553(e). Otherwise, if the motion had been made and granted, his guideline range would have been 97 to 121 months.

sentencing. The following is relevant to the ultimate determination regarding the appropriate length of Shields's sentence.

> THE COURT: . . . . One of the things that the Court attempts to do in every sentencing, actually prior to every sentencing hearing is, number one, understand the history and characteristics of the defendant. And oftentimes, I will chart out good points and bad points, because I do think that in most circumstances, there are factors that merit the Court's consideration for reducing a sentence. They're not present here.
>
> Looking first at the defendant's criminal history, and this goes to his history and characteristics, he's been a criminal since he was 18 years old with various convictions for disorderly conduct, aggravating menacing, as Mr. Bracke pointed out a conviction for sodomy for which he received five years in prison, possession of marijuana, child enticement, possession of burglary tools, and then the activity that resulted in this particular conviction. . . .
>
> The defendant then appears before this Court on these drug charges and attempts to diminish his conduct and, frankly, just lies. He just lies. That's the kind of person that he is when faced with doing what's right or doing what's convenient or doing what he thinks is cute, perhaps. He makes a bad decision, and he does obstruct the administration of justice, and he will be sentenced for that. The Court will certainly consider that as a part of the punishment to be imposed in this case.
>
> In looking at his history and his characteristics, there are no positives there. He's worked as a painter. I guess that's probably the only positive that could be placed on that side fo the ledger. Everything else is very negative.

\* \* \*

[Record No. 197, pp. 31-34]

Based on these and other negative characteristics, the Court determined that a variance above Shields's non-binding guideline range was necessary under 18 U.S.C. § 3553(a). [*Id.*, p. 34] When all relevant factors were considered, the Court added twelve months the top of the defendant's non-binding guideline range and imposed a term of incarceration of 133 months.

-5-

As noted during the hearing, the Court determined that this term was "sufficient but not greater than necessary to comply with the purposes of Title 18, Section 3553(a)(2)." [*Id.*]

Shields challenged the Court's sentencing decision but was unsuccessful. On March 18, 2011, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. [Record No. 233] After addressing the adjustments to Shields's guideline calculations relating to his perjured trial testimony, the court rejected the defendant's new claim alleging that subjecting him to a mandatory-minimum term of imprisonment violated his constitutional right to equal protection. Finally, in footnote 6 of its opinion, the Sixth Circuit noted that, "[although] Shields does not challenge the district court's imposition of a twelve-month upward variance, but this variance would be supported by the district court's reasoning regarding Shields's conduct, criminal history, and characteristics." [*Id.*, at p. 16]

Notwithstanding earlier determinations made by this Court and the Sixth Circuit, the undersigned has the discretion to reduce Renner's sentence at least to 120 months based on recent changes in the United States Sentencing Guidelines. However, for the reasons outlined above, a reduction of Shields's sentence would not be appropriate. Based upon all of the relevant statutory considerations, the Court concluded that a sentence of 133 months imprisonment was necessary. The Court concluded at the time Shields was sentenced that a lower term of incarceration was not appropriate. That conclusion has not changed. The passage of time has not lessened Shields's criminal history or made him any less likely to re-offend when released.

Likewise, a reduced sentence would not provide general or specific deterrence. This conclusion is not altered by the fact that Shields has not received any disciplinary reports while he has been in custody for his drug offense. Next, a reduced sentence would not provide proper punishment for Shields's criminal activity. In summary, the recent modifications of the United States Sentencing Guidelines do not affect this Court's original determination that a 133 month sentence for Shields's federal crime is completely appropriate. Accordingly, it is hereby

**ORDERED** that Defendant Christopher Shields's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [Record No. 278] is **DENIED**.

This 13th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge