UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 09-33-DCR-04 |
| ) | |
| V. ) | |
| ) | |
| CHRISTOPHER H. SHIELDS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Christopher Shields is currently serving a 133-month term of imprisonment for his involvement in a drug-trafficking conspiracy. [Record No. 183] Shields unsuccessfully appealed his sentence. [Record No. 233] On November 5, 2014, the defendant filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). [Record No. 278] As explained in a Memorandum Opinion and Order entered November 13, 2014, the Court denied the motion due to the false and misleading testimony Shields gave at his co-defendant's trial, Shield's lengthy criminal history, and all other relevant sentencing factors. [Record No. 279, p. 5] Although Shields alleged in his motion that he had not received any disciplinary reports while in custody, that assertion does not alter the Court's conclusion. [*Id.*, p. 6]

The defendant has now filed a motion for reconsideration regarding the Court's denial of his § 3582(c)(2) motion. [Record No. 303] District courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) or motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil of Procedure. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *see also Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991).  However, Rule 59(e) motions for reconsideration must be filed no later than 28 days after entry of the applicable order.  Fed. R. Civ. P. 59(e).  Because Shields filed the present motion more than 28 days after the Court's denial of his first § 3582 motion, only Rule 60(b) relief is available.  *See* Fed. R. Civ. P. 60(c)(1); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

> A Rule 60(b) motion may be granted where the movant demonstrates:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Here, Shields argues that he is entitled to a reduction of his sentence because: (i) his allegedly perjured testimony at his co-defendant's trial was not actually "false"; (ii) he had no knowledge of "the accused at trial" and did not purchase drugs from him; (iii) he has been a "model inmate" while incarcerated; (iv) he accepted responsibility for his actions; and (v) release from prison is a better form of rehabilitation than incarceration.  These arguments will be considered under Rule 60(b)(6).

Regarding his first contention, Shields claims that his testimony at Lazelle Maxwell's trial was only false in relation to the testimony of other witnesses and that it is illogical to believe that he would give false testimony after pleading guilty.  [Record No. 303, pp. 1−2]  However, as noted in the November 13, 2014, Memorandum Opinion and Order, Shields' testimony was also false in relation to his prior statement to the police on March 9, 2009, the plea agreement, and his statements given during the re-arraignment hearing.  [Record Nos.

279, p. 3; 171, pp. 22−23; 178, p. 2; 197, pp. 7−9, 20] In addition, his testimony was contradicted by phone records. [Record No. 197, p. 9] Because there were "a lot of discrepancies" in Shields' testimony, the Court determined that he obstructed justice and that he did not accept responsibility for his actions, sentencing him above his advisory guideline range. [*Id.*, pp. 13, 34] The defendant has not provided the Court with any reasons to alter this conclusion.

And Shields' argument that it was irrational for him to lie on the stand is not persuasive. He may have been acting out of fear of his co-defendants, but regardless of Shields' motive for lying, the inconsistencies in his statements are apparent. Therefore, this argument, along with Shields' contention that he accepted responsibility for his actions, provide no reason for the Court to reconsider its analysis regarding Shields' entitlement to a sentence reduction.

Shields' second argument is irrelevant. At sentencing, the Court recognized that the defendant was a "minor player" in the conspiracy. [Record No. 197, p. 33] However, the Court still determined that a 133-month sentence was necessary and appropriate based on Shields' decision to allow his home to be used for drug sales. [*Id.*, pp. 32−33]

With respect to Shields' claim that he is a model inmate, he provides no evidence of his post-sentencing conduct. While the Court "may consider" the defendant's post-sentencing conduct in deciding whether to grant a sentence reduction, it is not required to do so. *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013) (citing U.S.S.G. § 1B1.10, comment. (n.1(B)(iii))). But even accepting Shields' contention that he is a model inmate, the Court still concludes that a reduction of his sentence is not warranted due to the aggravating factors outlined above.

Shields' last argument concerning rehabilitation outside of prison is a policy argument that the Court considers during every sentencing hearing. Here, the Court believes that the programs available to the defendant during his incarceration provide a wealth of rehabilitative opportunities. Although the Court has considered the high costs of incarceration, this factor is outweighed by the aforementioned aggravating factors.

In summary, looking to the factors set forth in 18 U.S.C. § 3553(a), a 133-month sentence is necessary and appropriate under the circumstances. Conspiring to distribute crack cocaine is a very serious offense. Further, Shields' substantial criminal history demonstrates the need for the sentence to provide adequate deterrence. In addition, as discussed above, the defendant did not accept responsibility for his actions. Moreover, Shields' substance abuse problems increase the likelihood that he will reoffend upon release. As a result, a 133-month sentence is necessary to protect the public and provide needed general and specific deterrence. Accordingly, it is hereby

**ORDERED** that Defendant Christopher Shields' motion for reconsideration regarding a sentence reduction under 18 U.S.C. § 3582(c)(2) [Record No. 303] is **DENIED**.

This 7th day of June, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge